WALKER-GOULARD-PLEHN CO., INC. *v.* UNITED STATES

No. 4989.—Invoices dated Gothenburg, Sweden, June 28, April 26, 1939.
Entered at Boston, Mass., July 13, May 17, 1939.
Entry Nos. 564, 13136.

(Decided August 15, 1940)

*Barnes, Richardson & Colburn* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise covered by the instant appeals to reappraisement consist of Kraft paper imported from Sweden.

That the issue involved in the said appeals to reappraisement, and the merchandise is similar in all material respects to the issue and the merchandise involved in Arkell Safety Bag Co. v. United States, Reappraisement Decision 4670, decided November 3, 1939.

That the market value, or the price at the time of exportation of such Kraft paper to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden, in the usual wholesale quantities, and in the ordinary course of trade for exportation to the United States, including the cost of all containers of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was the invoice prices less 2% cash discount, less freight, both inland and ocean, less insurance and less consular fee as noted on the invoices.

That the record in Arkell Safety Bag Co. v. United States, R. D. 4670, be incorporated into the records in the instant appeals to reappraisement and that these appeals are submitted upon such record in this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoice prices less 2 per centum cash discount, less freight, both inland and ocean, less insurance and less consular fee as noted on the invoices. Judgment will be rendered accordingly.